IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kathryn Destazio,         Case No. 3:05CV7209

    Plaintiff

  v.         AMENDED ORDER

Flying J, Inc. *et al.*,

    Defendants.

This suit arises from plaintiff Kathryn Destazio's slip and fall at a Flying J Travel Plaza owned by defendant Flying J, Inc. Plaintiff alleges negligence against Flying J and other unnamed defendants. Defendants removed this action from state court; jurisdiction exists under 28 U.S.C. § 1332.

Pending are Flying J's motions for summary judgment and to strike evidence presented by Destazio.

For the following reasons the motion for summary judgment will be denied and judgment on the motions to strike will be held in abeyance.[1]

**Background**

Flying J operates the Flying J Travel Plaza in Lake Township, Ohio. On March 4, 2004, Destazio stopped at this Flying J Travel Plaza. After getting gas, Destazio went into the travel plaza store to purchase potato chips.

---

[1] I will reserve ruling on the motions to strike because a decision either way would not affect the outcome of this decision.

When Destazio entered the store, Raymond Lundquist, a Flying J employee, was cleaning the floor with a floor scrubber. Destazio walked to the potato chip aisle, selected a bag of chips, and then turned to walk down the aisle to pay.

A Flying J employee, restocking the merchandise in this aisle blocked Destazio's path to the cashier. Destazio decided to walk toward the back of the store, around an "endcap" display, and then down the adjacent aisle to reach the cashier.

As Destazio walked around the display, she slipped and fell to the ground. Once on the ground, Destazio saw water on the floor. She describes the water as about six inches in length and located near the display at the end of the aisle. Destazio later testified that she would have seen the water if she had looked down.

Plaintiff injured her right shoulder as a result of this fall.

## Standard of Review

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In deciding a summary judgment motion, a court examines more than just the pleadings and assesses the proof to determine if there is a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party meets its burden of showing that no evidence supports a claim, then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**Discussion**

Flying J argues: 1) it owed no duty to Destazio because the water was an open and obvious hazard; 2) Destazio cannot show Flying J created or was aware of the water; and 3) Destazio assumed the risk of injury.

In response, Destazio contends: 1) Flying J has not indisputably shown that the water was an open and obvious condition; 2) there exists a genuine issue of material fact that Flying J's floor scrubber created the water; and 3) she did not assume the risk because she was not aware of the water on the floor.

**1. Open and Obvious**

To prove negligence in Ohio a plaintiff must show: 1) the defendant owed the plaintiff a duty; 2) the defendant breached this duty; and 3) plaintiff's injury was proximately caused by this breach.  *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St. 3d 75, 77 (1984).

Neither party disputes that Destazio was an invitee of Flying J. A business owner owes a duty to its invitees to maintain the premises in a "reasonably safe condition" and to warn of hidden or latent dangers. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App. 3d 494, 497 (1996).

A business owner, however, owes no duty to warn invitees of open and obvious conditions. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 82 (2003). If a condition is so obvious that it serves as its own warning, business owners have no duty. *Simmers v. Bentley Constr. Co.*, 64 Ohio St. 3d 642, 644 (1992).

A business owner has the burden to prove a condition is open and obvious. *See Keeton v. Norfolk S. Corp.*, 49  F. Supp. 2d 590, 596 (S.D. Ohio 1999).

Flying J argues it owed no duty to Destazio because the water was an open and obvious condition. In support of this argument, it relies on Destazio's *post hoc* statement that she would have seen the water if she had looked down at the floor.

Destazio responds that the condition was not open and obvious because an invitee is not required to look constantly at the floor, and water is not always an observable condition.

Destazio's opinion does not conclusively prove that the water on the floor was open and obvious.[2] Ohio courts hold that a person is not required to constantly look downward while walking to avoid injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680 (1998). This rule is especially apt in a location where goods are displayed in a manner intended to call them to a customer's attention and cause them to select items for purchase. *Carpenter v. Glassman, Inc.*, 124 Ohio App. 3d 236, 240 (1997). Though the plaintiff's statement can be considered by the jury, it is not, standing alone, proof that a small amount of water, which is transparent by nature, could, in fact, have been seen by Destazio. Whether the water was an open and obvious condition is an issue for the jury.

### 2. Whether Flying J Created or Was Aware of the Hazardous Condition

Next, Flying J argues that Destazio cannot recover because she has failed to show it created or was aware of the water on the floor.

For a plaintiff to recover for a slip and fall in a negligence action in Ohio, the plaintiff must show the business owner created, was aware of, or had constructive notice of the hazardous

---

[2] To the extent Flying J contends water is always an open and obvious condition, Ohio courts have rejected that argument. *Schmitt v. Duke Realty, LP*, 2005 WL 1953074, *4 (Ohio Ct. App., Aug. 16, 2005).

condition. *Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App. 3d 27, 29 (1995) (quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943)).

Destazio contends Flying J created the hazardous condition while its employee was operating a floor scrubber in the area in which the plaintiff fell shortly before the accident. Such operation at that time and place is verified by photograph derived from a surveillance camera.

Flying J responds that Destazio has not presented evidence that the floor scrubber caused the water on the floor. Flying J contends a properly working floor scrubber is incapable of creating a six inch puddle of water. In support, it provides John Shaffer's, the facility manager, testimony that the floor scrubber was working properly on March 4, 2004.

Even if the defendant has shown that the scrubber was in proper working condition after the accident, that does not mean that it was operated properly before the accident.

Taking the evidence in the light most favorable to Destazio, a jury could find that it was more likely than not that the employee operating the floor scrubber created the water puddle. Destazio has presented circumstantial evidence the floor scrubber created the puddle.

Therefore, Destazio has presented sufficient evidence to show that Flying J  may have created the hazardous condition.

### 3. Assumption of the Risk

Finally, Flying J argues Destazio is barred from seeking recovery for her injuries because she assumed the risk.

Assumption of the risk is an affirmative defense in a negligence action available when a plaintiff "ventured into or acquiesced in a known, appreciated, or obvious risk." *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601, 607 (6th Cir. 1985) (citing *Benjamin v. Deffet Rentals*, 66 Ohio St.

2d 86, 89 (1981)). The defendant has the burden to prove the plaintiff assumed the risk. *Dailey v. Nationwide Demolition Derby, Inc.*, 18 Ohio App. 3d 39, 40 (1984).

Flying J, however, has not indisputably shown that Destazio was aware of the water before she fell or that the water was so obvious she must have known of the danger. Thus, Flying J has failed to meet its burden as to assumption of risk.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED that:

Flying J's motion for summary judgment be, and the same hereby is, denied.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge